UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
John R. Elias, Insurance Commissioner of the :
State of New Hampshire, as Liquidator of :
The Home Insurance Company, : Civ. No: _____
 :
                      Plaintiff, :
 : **COMPLAINT**
     -and- :
 : **JURY TRIAL**
General Reinsurance Corporation A/S, as successor in : **DEMANDED**
interest to North Star Reinsurance Corporation, :
 :
                      Defendant. :
------------------------------------------------------------------x

## PARTIES

1. The Home Insurance Company ("Home"), is an insurance company organized and existing under the laws of New Hampshire, with its principal place of business in New York, New York.

2. Home was declared insolvent and placed into liquidation pursuant to the June 13, 2003 Order of the New Hampshire Superior Court, Merrimack County (the "Liquidation Court"). Pursuant to the order of liquidation, the Liquidation Court appointed the New Hampshire Insurance Commissioner (the "Commissioner") as the liquidator (the "Liquidator") of Home. This action is being brought by the Commissioner solely in his capacity as Liquidator of Home.

3. Upon information and belief, defendant General Reinsurance Corporation ("Gen Re") is an insurance company incorporated in the state of Delaware with its principal place of business in Stamford, Connecticut.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.

5. Gen Re is subject to personal jurisdiction in this district in that it is doing business in this district and the instant dispute arises from Gen Re's transaction of business in this district.

6. Venue lies with this Court under 28 U.S.C. § 1391.

## NATURE OF THE ACTION

7. This is an action to recover reinsurance proceeds arising from three reinsurance contracts Gen Re's predecessor in interest, North Star Reinsurance Corporation ("North Star"), issued to Home.

## FACTUAL BACKGROUND

8. Between February 1965 and February 1974, Home issued three three-year insurance policies (the "Corning Policies") to Corning Glass Works, Inc. ("Corning").

9. Home purchased facultative reinsurance from North Star reinsuring the Corning Policies.

10. Effective February 1, 1966, North Star issued to Home Facultative Reinsurance Certificate No. NSF-5665, reinsuring Home in respect of Home Insurance Policy HEC 9544023, which insured Corning for the period February 1, 1965 to February 1, 1968. A copy of Certificate No. NSF-5665 is annexed hereto as Exhibit A.

11. Effective February 1, 1968, North Star issued to Home Facultative Reinsurance Certificate No. NSF-6687, reinsuring Home in respect of Home Insurance Policy HEC 9559388, which reinsured Corning for the period February 1, 1968 to February 1, 1971. A copy of Certificate No. NSF-6687 annexed hereto as Exhibit B.

12. Effective February 1, 1971, North Star issued to Home Facultative Reinsurance Certificate No. NSF-9040, reinsuring Home in respect of Home Insurance Policy HEC 9793492, which insured Corning for the period February 1, 1971 to February 1, 1974. A copy of

Certificate No. NSF-9040 is annexed hereto as Exhibit C.

13. Collectively, Certificate Nos. NSF-5665, NSF-6687, and NSF-9040 are referred to herein as the "Facultative Reinsurance Certificates."

14. Home fulfilled all of its obligations under the Facultative Reinsurance Certificates and paid all reinsurance premiums due.

15. Gen Re is the successor to North Star's obligations under the Facultative Reinsurance Certificates.

16. Home's insured, Corning, was subject to thousands of asbestos-injury claims, including claims (the "PCC Claims") arising from Unibestos, an asbestos-containing building product manufactured by Pittsburgh Corning Company, a company owned by Corning and PPG Industries, Inc.

17. Corning submitted a proof of claim in the Home liquidation proceeding for insurance recoveries on the policies Home issued to Corning. The proof of claim included both asbestos and non-asbestos claims, including the PCC Claims.

18. After mediation, the Liquidator and Corning entered a settlement agreement dated November 13, 2017, providing for an allowance of $42 million on Corning's proof of claim, subject to approval by the Liquidation Court. The settlement agreement was presented to the Liquidation Court, and the Liquidation Court approved the settlement agreement and the $42 million allowance on January 6, 2018.

19. Following Home's settlement, it submitted reinsurance billings to Gen Re for $4,318,121.90 for its share of the $42 million allowed to Corning.

20. Gen Re disputed payment of the PCC Claims portion of the reinsurance bills submitted to it. Of the $4,318,121.90 owed, Gen Re agreed to pay $1,296,988, leaving an unpaid

balance of $3,021,133.90.

21. Despite demands for payment, Gen Re refuses to pay the remaining $3,021,133.90 owed to Home.

## COUNT I
## BREACH OF CONTRACT

22. Home repeats and realleges the foregoing paragraphs.

23. The Facultative Reinsurance Certificates oblige Gen Re, as the successor to North Star, to indemnify Home for its share of the amounts allowed under the Corning Policies.

24. Despite billings in the ordinary course and demands for payment, and in breach of its obligations, Gen Re has failed to pay $3,021,133.90 due to Home under the Facultative Reinsurance Certificates.

25. Home has been damaged by Gen Re's breach in the amount of $3,021,133.90.

## REQUEST FOR RELIEF

WHEREFORE, the Liquidator demands judgment against Gen Re as follows:

(i) Awarding compensatory damages in the amount of $3,021,133.90;

(ii) Awarding costs, interest and attorneys' fees; and

(iii) Granting any other relief that the Court deems proper and just.

4

Dated: New York, New York
November 16, 2018

_____
Daniel Hargraves
Andrew J. Costigan

FREEBORN & PETERS LLP.
The Helmsley Building
230 Park Avenue, Suite 630
New York, New York 10169
(212) 218-8760

*Attorneys for Plaintiff*

*John R. Elias, Insurance Commissioner of the State of New Hampshire, solely as Liquidator of The Home Insurance Company*

5